UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-MJ-03497-JG

UNITED STATES OF AMERICA

vs.

PEDRO CELESTINO LANDAZURI-PRECIADO,
EDDY IVAN MONTES-BERMEO, and
DARWIN HELBER CASIERRA-CORTES,

    Defendants.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?   _____ Yes   __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?   _____ Yes   __X__ No

                                                Respectfully submitted,

                                                BENJAMIN G. GREENBERG
                                                ACTING UNITED STATES ATTORNEY

                    BY: _____
                             KEVIN S. QUENCER
                             ASSISTANT UNITED STATES ATTORNEY
                             Court ID No. A5501891
                             99 N. E. 4th Street
                             Miami, Florida 33132-2111
                             TEL (305) 961-9268
                             FAX (305) 530-7976

AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Pedro Celestino Landazuri-Preciado, Eddy Ivan Montes-Bermeo, and Darwin Helber Casierra-Cortes, | ) ) ) ) | Case No.  17-Mj-03497-Jb |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____September 11, 2017_____ in International Waters, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 46 U.S.C. 70503(a)(1) and 70506(b) | On board a vessel subject to the jurisdiction of the United States, with the Southern District of Florida being the district at which the defendants first entered the United States, conspiracy to possess with intent to distribute a controlled substance, that is, a mixture and substance containing 5 kilograms or more of cocaine. |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Special Agent Jeremy Youngblood, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____10/31/2017_____

_____
*Judge's signature*

City and state: _____Miami, Florida_____    Jonathan Goodman, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Jeremy Youngblood, first being duly sworn, depose and state:

1. I am a Special Agent with the United States Drug Enforcement Administration (DEA) and have been so employed since May 2012. I am presently assigned the Miami Field Division where I am responsible for conducting narcotics smuggling investigations involving the use of marine vessels. As a Special Agent with DEA, I have participated in numerous narcotics investigations involving physical and electronic surveillance, the control and administration of confidential sources, international drug importations, and domestic drug organizations. I have participated in the arrest and subsequent prosecution of numerous drug traffickers. I also have spoken on numerous occasions with informants, suspects, and experienced narcotics investigators concerning the manner, means, methods and practices that drug traffickers use to further the operation of their drug trafficking organizations and the most effective methods of investigating and dismantling drug trafficking organizations.

2. As a law enforcement officer within the meaning of Section 2510(7) of Title 18, United States Code, I am empowered by law to conduct investigations of and make arrests for, but not limited to, offenses enumerated in Titles 18, 21, and 46 of the United States Code.

3. The information contained in this Affidavit is submitted for the sole purpose of establishing probable cause for the arrest of Pedro Celestino LANDAZURI-Preciado, Eddy Ivan MONTES-Bermeo, and Darwin Helber CASIERRA-Cortes for violations of Title 46, United States Code, Sections 70503(a)(1) and 70506(b), that is, having knowingly and willfully conspired to possess with intent to distribute five kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States.

4. Because this Affidavit is being submitted for the limited purpose of establishing probable cause, it does not contain all of the information known to me and other law enforcement officers involved in this investigation. The facts and information contained in this Affidavit are based on my personal knowledge and observations, as well as upon information received in my official capacity from other individuals, including other law enforcement officers involved in this investigation as well as my review of records, documents, and other physical items obtained during the course of this investigation.

5. On September 11, 2017, while on routine patrol in the Eastern Pacific Ocean, the United States Coast Guard Cutter (USCGC) Stratton detected a go-fast vessel (GFV) 211 nautical miles south of Huatulco, Mexico. The USCGC observed the GFV change course and begin to flee. As the GFV was fleeing, the USCGC observed the GFV jettison bales that were onboard. The USCGC launched their over-the-horizon (OTH) vessel for intercept and to recover the bales.

6. A maritime patrol aircraft (MPA) arrived on scene and vectored the OTH to the GFV. The USCGC maintained constant visual of the bales that were jettisoned by the GFV while the OTH approached the GFV. The OTH was ultimately able to gain positive control of the GFV. The USCG boarding team boarded the GFV and conducted an initial safety sweep. The GFV had three occupants on board who identified themselves as Pedro Celestino LANDAZURI-Preciado, Eddy Ivan MONTES-Bermeo, and Darwin Helber CASIERRA-Cortes. Further investigation yielded a vessel name of DANIELA. The captain of the vessel claimed Ecuadorian nationality for the vessel and himself. The Government of Ecuador was contacted. The Government of Ecuador responded that they could neither confirm nor deny the nationality of the vessel and the GFV was treated as a vessel without nationality.

7. The USCG recovered 12 bales from the jettison field, weighing approximately 360 kilograms. A field test was conducted by the USCG which yielded positive results for cocaine.

8. On October 30, 2017, the USCG transferred custody of LANDAZURI-Preciado, MONTES-Bermeo, and CASIERRA-Cortes to United States law enforcement officers. On that same date, the three crew members from the GFV were brought to the Southern District of Florida where they first entered the United States.

9. Based on the foregoing facts, your Affiant submits that probable cause exists to believe that, LANDAZURI-Preciado, MONTES-Bermeo, and CASIERRA-Cortes, while on board a vessel subject to jurisdiction of the United States, did knowingly and willfully conspire to possess with intent to distribute a controlled substance, that is, five kilograms or more of cocaine, in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b).

FURTHER AFFIANT SAYETH NAUGHT.

JEREMY K. YOUNGBLOOD, SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

Subscribed and sworn to before
me this the 31 day of October, 2017.

JONATHAN GOODMAN
UNITED STATES MAGISTRATE JUDGE